IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES W. MYART JR., | § § | |
| *Plaintiff,* | § § § | SA-19-CV-00702-OLG |
| vs. | § § § | |
| CITY OF SAN ANTONIO, BAPTIST HOSPITAL SYSTEM, MATT STONE, CEO BAPTIST HOSPITAL SYSTEM, CORPORATELY AND INDIVIDUALLY; BAPTIST HOSPITAL SYSTEM PRIVATE SECURITY COMPANY, JOHN DOE COMPANY, JACOB CORONAL, JOHN DOE SECURITY COMPANY, JOHN AND JANE DOES 1-5, INDIVIDUAL AND EMPLOYMENT; EMPLOYEES OF JOHN DOES SECURITY COMPANY, JANE DOE, HEAD ER NURSE; AND JANE DOES 1-6, ER NURSES, ALL INDIVIDUALLY NAMED PERSONS SUED INDIVIDUALLY AND AS EMPLOYEES OF BAPTIST HOSPITAL SYSTEM IN THEIR CAPACITIES INDIVIDUAL AND EMPLOYMENT; | § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § § | |

**ORDER**

Before the Court is the above-styled cause of action, which was removed to this Court on June 18, 2019 and referred to the undersigned on July 1, 2019 for all pretrial proceedings [#4]. In addition to this lawsuit, Plaintiff has two other lawsuits pending in the San Antonio Division of this District (5:19-CV-507-OLG and 5:19-CV-753-OLG). The Court set all three cases for status conferences to facilitate the Court's resolution of the pending motions and to streamline the issues in these cases.

1

On August 7, 2019, Plaintiff, proceeding *pro se*, and counsel for Defendants appeared before the Court. At the hearing, the Court addressed Plaintiff's most recent filing, which was filed in all three cases. The filing is styled as a "Sworn Motion for Hearing on Rule 65 Request for Temporary Restraining Order and Permanent Injunction and Second Motion for Contempt and Motion for Ninety (90) Day Stay of All Proceedings and Motion for Extension of State Court Restraining Order Converted to a FRCP Rule 65 Temporary Restraining Order and Temporary Injunction" [#6]. Plaintiff conceded on the record at the conference that the only relief requested by this motion in the ***instant*** case is a 90-day stay of all proceedings due to his medical issues to allow him time to retain an attorney and adequately respond to the pending motion to dismiss [#3]. (The other relief requested relates to cause number 5:19-CV-753-OLG.) Plaintiff submitted a note with his motion signed by Dr. Caridad Rebollar, MD, which states that Plaintiff was admitted to Mission Trail Baptist Hospital on July 25, 2019 for the management of diabetes, hypertension, and other conditions. In his note, the doctor also included her opinion that Plaintiff should have 90 days to manage and improve his medical condition and concentrate on his health. (Doctor's Note [#6] at 24.)

As the Court stated orally at the conference, the request for a 90-day stay is denied. Although the record reflects that Plaintiff is experiencing significant health issues, it also reflects that he has continued to engage in litigation activities in this and other cases during the last few months, and thus, his request for a stay must be balanced against the prejudice to Defendants in delaying a ruling on their dispositive motion for another three months. The record does not indicate that Plaintiff is currently hospitalized or completely incapacitated. In fact, Plaintiff conceded that he has not been continuously incapacitated or hospitalized, but he maintains that his health conditions have been serious and have prevented him from responding by the deadline

or timely requesting for an extension. Yet, despite this assertion, the records in one of the other cases pending before the Court (5:19-CV-753-OLG) indicate that during the past few months Plaintiff has filed a new lawsuit, filed amended pleadings, obtained temporary restraining orders, and moved for contempt. Under these circumstances, Plaintiff is not entitled to a 90-day stay of all proceedings. However, in light of Plaintiff's health issues and because this is Plaintiff's first request for an extension of time to respond in this case, the Court will allow Plaintiff 14 more days to respond to Defendants' motion to dismiss, the full period of time he would be entitled to under the Court's Local Rules if Defendants had filed their motion to dismiss today.

Although the Court will not grant the full 90-day stay requested by Plaintiff, the Court, pursuant to its case management authority under the Federal Rules, will stay all proceedings in the case pending the issuance of the undersigned's Report and Recommendation so that the predicate issues can be addressed and judicial and the parties' resources can be conserved. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (district courts have "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"); Fed. R. Civ. 16(c) (during an initial pretrial conference, the court should consider and take appropriate action to simplify the case and control and manage discovery).

Additionally, the record reflects that Defendant the City of San Antonio, the removing party, which filed its answer in state court prior to removal, has not yet filed an answer that complies with the Federal Rules of Civil Procedure or other responsive pleading in this case. The Court will order the City to file an amended answer or responsive pleading under Rule 12 within ten days of this Order. *See* Fed. R. Civ. P. 82(c) (federal court can order repleading after removal). If the City files a motion, Plaintiff is granted 14 days to respond to the motion, despite the Court's entry of a stay in this case.

The Court also notes that Plaintiff made oral motions at the three status conferences in his pending cases.[1] During the status conference in this case, Plaintiff moved for the Court to compel mediation. That motion is denied as premature but without prejudice to the parties requesting Court-ordered mediation at a later date, after preliminary matters have been resolved. Plaintiff also moved for an order allowing him permission to file pleadings and other documents electronically in this case. The Court orally granted the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Sworn Motion for Hearing on Rule 65 Request for Temporary Restraining Order and Permanent Injunction and Second Motion for Contempt and Motion for Ninety (90) Day Stay of All Proceedings and Motion for Extension of State Court Restraining Order Converted to a FRCP Rule 65 Temporary Restraining Order and Temporary Injunction [#6] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff may file any response to Defendants' Motion to Dismiss [#3] within 14 days of this Order.

**IT IS FURTHER ORDERED** that Defendant the City of San Antonio file either an answer or responsive pleading or motion under Rule 12 within 10 days of this Order. If the City files a motion, Plaintiff has 14 days to respond to the motion, despite the issuance of the stay below.

**IT IS FURTHER ORDERED** that Plaintiff's oral motion to compel mediation is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's oral motion for access to electronic filing is **GRANTED**. Plaintiff is directed to contact the Office of the District Clerk to obtain the e-

---

[1] Plaintiff's first oral motion occurred during the conference in 5:19-CV-507-OLG, and he orally requested that the undersigned recuse herself as biased, a request he reiterated during the status conference in this case. But in cause number 5:19-CV-753-OLG, Plaintiff subsequently orally withdrew that motion, and recanted his accusation of bias.

filing and e-noticing registration form and to submit the fully completed form to the Clerk. Under standard procedures, the registration form will be processed by the Clerk, who has the responsibility of verifying, approving, and effectuating e-filing and e-noticing of court documents.

**IT IS FINALLY ORDERED** that this case is **STAYED** for all purposes until the undersigned issues a report and recommendation on the pending motion to dismiss. No party may file any additional documents in this case—except those specified in this Order—until the stay is lifted or the party first obtains leave of Court. However, Plaintiff indicated he is attempting to obtain counsel, and if he does, counsel may file an appearance at any time. Plaintiff, whether he is still proceeding *pro se* or has obtained counsel, will, of course, have an opportunity to lodge any objections to the undersigned's report and recommendation once it is issued to the District Court and the stay is lifted.

**IT IS SO ORDERED.**

SIGNED this 8th day of August, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE